**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BENJAMIN JACKSON,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. C2:08-CV-0068** |
| | : | |
| **v.** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **CITY OF GAHANNA, OHIO, et al.,** | : | |
| | : | **Magistrate Judge Abel** |
| **Defendants.** | : | |

**ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion In Limine to Exclude the Report and Testimony of Lieutenant Daniel Williams Relating to the Issue of Probable Cause (Doc. 54), and on Plaintiff's Motion in Limine (Doc. 59). For the reasons that follow, Defendant's Motion is **DENIED** and Plaintiff's Motion is **GRANTED** in part and **DENIED** in part.

**II. BACKGROUND**

Plaintiff Benjamin Jackson and Defendant Sgt. Sheila Murphy of the Gahanna Police Department first encountered one another on January 19, 2006 when the Defendant noticed the Plaintiff's car, then parked on Goshen Court in Gahanna, for its unusual license plates. Running the license plate number through the Gahanna dispatch revealed that the car had been reported stolen. When she went to investigate further, she saw through the car's window a marijuana cigarette on the dash.

The Plaintiff saw the Defendant looking at his car and came out to the street. He and the Defendant talked about the car – the Plaintiff said that he was the one who reported the car stolen

and that he had since reported it as recovered – and the cigarette. The Defendant did not formally place the Plaintiff under arrest but put him in the backseat of her cruiser while she and another officer who had responded to her call for backup searched the vehicle. In the car, they found a bag containing a white powdery substance.

Meanwhile, the Plaintiff realized that he could open the cruiser's door, got out of the cruiser, and left the scene. The Defendant initiated a search for the Plaintiff, but he was not located that night. Later that night, the Defendant positively identified the Plaintiff through his Bureau of Motor Vehicles ("BMV") photograph, compared it against the registration information listed for the car with the BMV, and confirmed that he was the owner of the car. She also issued warrants against him for possession of cocaine, obstructing official business, and drug paraphernalia. The Plaintiff surrendered himself several days later.

On February 25, 2006, the Defendant and the Plaintiff were driving in opposite directions on Goshen Lane when the Defendant noticed that the Plaintiff's license plate light was not working. She initiated a traffic stop and approached his car. The Defendant asked the Plaintiff a series of questions, asked for his identification, and told him that he was under arrest for driving under a suspended license. The subsequent events are disputed by the Parties, and the details are not relevant for the purposes of this Order. In sum, the Defendant pulled the Plaintiff from his car and tasered him before the two of them engaged in a physical struggle as the Defendant tried to handcuff and arrest the Plaintiff. The Plaintiff was eventually handcuffed and his car searched by the Defendant and another officer. The search produced a box containing a small digital scale, a bag of cocaine, a bag of marijuana, and two gold-colored packages of condoms. At the

police station during booking, the police additionally recovered a large amount of cash bundled by denomination from Jackson's pockets.

Jackson was arrested and charged with six offenses on February 25, 2006: (1) Felonious Assault in violation of Ohio Rev. Code Ann. § 2905.11; (2) Possession of Cocaine in violation of Ohio Rev. Code Ann. § 2925.11; (3) Possession of Marijuana in violation of Ohio Rev. Code Ann. § 2925.11; (4) Possession of Drug Paraphernalia in violation of Ohio Rev. Code Ann. § 2925.14; (5) Open Container in violation of Ohio Rev. Code Ann. § 4301.62; and (6) License Plate Required in violation of Ohio Rev. Code Ann. § 4513.05. The prosecuting attorney, however, declined to prosecute any charges against Jackson arising from that night.

The case is now set for trial on the Plaintiff's claim under the Fourth Amendment that the Defendant used excessive force when arresting him on February 25, 2006 for traffic violations. Both Parties have filed motions in limine, which are now ripe and ready for decision.

The Plaintiff has moved to exclude all evidence relating to Lieutenant Daniel Williams. The Defendant has moved to exclude the following: (1) all evidence of any civil or criminal allegations, investigations, charges, arrests or convictions of the Plaintiff; (2) all evidence regarding any items discovered in his vehicle during the February 25, 2006 search of his vehicle; (3) any references to the January 19, 2006 incident between the Plaintiff and the Defendant; and (4) questions of the Defendant on cross-examination about whether he possessed any illegal drugs during the incidents on January 19 or February 25.

### III. STANDARD OF REVIEW

Motions in limine allow the Court to rule on the admissibility of evidence in advance of trial in order to expedite proceedings and give the parties advance notice of the evidence upon

which they may not rely to prove their case. *See Jonasson v. Lutheran Child & Family Servs*., 115 F.3d. 436, 440 (7th Cir. 1997). To prevail on a motion in limine, the moving party must show that the evidence is clearly inadmissible. *Ind. Ins. Co. v. Gen. Elec. Co* ., 326 F. Supp. 2d 844, 846 (N.D. Oh. 2004). Courts are typically "reluctant to grant broad exclusions of evidence in limine because a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Black v. Columbus Pub. Sch* ., No. 2:96-CV-326, 2007 U.S. Dist. LEXIS 68672, at *2 (S.D. Oh. Sept. 17, 2007); *accord Sperberg v. Goodyear Tire & Rubber Co*., 519 F. 2d. 708, 712 (6th Cir. 1975). If the Court does deny a motion in limine, however, the Court can reconsider the admissibility of the evidence as the proceedings give context to the pretrial objections. *Black*, 2007 U.S. Dist. LEXIS 68672, at *2.

## IV. LAW AND ANALYSIS

### A. Lieutenant Daniel Williams

The Defendant seeks to exclude the report and testimony of Lieutenant Daniel Williams, the Defendant's direct supervisor. In his report and his deposition testimony, Lt. Williams summarized and commented upon the Defendant's arrest of the Plaintiff, concluding that the Defendant's behavior during the arrest was not the appropriate course of action and "carried tremendous risk of serious harm to both the officer and suspect." The Plaintiff argues that Lt. Williams's report and testimony are not relevant as they go only to probable cause for the arrest, which is not at issue at trial. *See Jackson v. City of Gahanna*, Case No. C2:08-CV-0068, 2010 U.S. Dist. LEXIS 123949, at *22 (S.D. Ohio Nov. 23, 2010) (granting summary judgment on claim for arrest without probable cause). The report and testimony of Lt. Williams, however, goes directly to the objective reasonableness of the Defendant's actions – the heart of the

Plaintiff's claim. *See Miller v. Sanilac County*, 606 F.3d 240, 251 (6th Cir. 2010) (elements of excessive force claim). Thus the evidence is clearly relevant and admissible at trial. Fed. R. Evid. 401.

The Defendant additionally argues that, if relevant, the evidence is more confusing than probative and should be excluded under Rule 403. The Court disagrees. The probative value of the evidence is high and is not "substantially outweighed by the danger of . . . confusion of the issues." Fed. R. Evid. 403. The Defendant's Motion is, accordingly, **DENIED**.

### B. Plaintiffs's Prior Arrests and Convictions

The Plaintiff has a criminal history dating back to 1986 that includes a number of incidents other than convictions for crimes of falsity or dishonesty. In particular, the Plaintiff has a conviction for receiving stolen property from 2000 and possession of illegal narcotics convictions from 1996 and 2006. He also has several traffic and moving violations, probation and parole violations, arrests without convictions, and a conviction for possession of a weapon from an unspecified date.

The Plaintiff argues that all evidence of the Plaintiff's prior criminal history, including convictions and arrests that did not result in convictions, should be excluded from trial as irrelevant under Rules 401 and 402, unduly prejudicial under Rule 403, and inadmissible character evidence under Rule 404(b). *Rogers v. Harrell*, Case No. 07-12220-BC2010, U.S. Dist. LEXIS 49187, at *5 (E.D. Mich. May 19, 2010) (excluding plaintiff's prior criminal convictions in trial on excessive use of force under Rules 401, 402, and 404(b)); *Earl v. Denny's, Inc.*, Case No. 01 C 5182, 2002 U.S. Dist. LEXIS 24066, at *6-10 (N.D. Ill. Dec. 12, 2002) (excluding evidence of plaintiff's prior criminal conviction in negligence action under Rule 403).

The Defendant does not argue that the Plaintiff's criminal history is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident under Rule 404(b). She does, however, argue that evidence of the Plaintiff's criminal history is relevant to his motive to flee the scene and resist arrest on both January 19 and February 25.

Rule 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence;" Rule 402 holds that irrelevant evidence is not admissible. At trial, the question before the jury is whether the Defendant's use of force was reasonable judged from the perspective of a reasonable officer on the scene. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). The jury may consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. at 396.

The Plaintiff persuasively argues that evidence of the Plaintiff's intent is not at issue. Rather, the question is whether, from the perspective of a reasonable officer in the Defendant's position, the Plaintiff appeared to be fleeing or otherwise posing a risk to her safety or the safety of others that warranted her use of force. Absent any evidence that the Defendant knew of the Plaintiff's criminal history – thus making it a factor that a reasonable officer in the Defendant's position would have weighed – the Plaintiff's criminal history is not relevant to any factual dispute and must be excluded under Rule 402.

Defendant has argued that evidence of the Plaintiff's motivation to flee or resist arrest is relevant, relying on *Greene v. Distelhorst*, Case No. 96-3044, 1997 U.S. App. LEXIS 15461 (6th

Cir. June 23, 1997). As an unpublished opinion, *Greene* is not binding on this Court. *Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996) (noting that unpublished decisions "carry no precedential weight" and "have no binding effect on anyone other than the parties to the action"); *Career Agents Network, Inc. v. careeragentsnetwork.biz*, 722 F. Supp. 2d 814, 824 ( E.D. Mich. 2010) ("[U]npublished decisions in the Sixth Circuit are not binding precedent . . . .") (citing *Sheets*). Nor is the reasoning in *Greene* persuasive given that its facts are distinguishable. In *Greene*, the Sixth Circuit upheld the trial court's denial of a motion in limine seeking to exclude criminal convictions that arose out of the same events as were at issue in the trial for unlawful arrest and excessive use of force. It ruled that the evidence was necessary to provide "a full account of the events," including the plaintiff's motive to resist arrest, and that the trial court did not abuse its discretion in ruling that the risk of unfair prejudice did not substantially outweigh the evidence's probative value. *Id.* at *10-11. Unlike in *Greene*, the Plaintiff's criminal history is unrelated to the events of either January 19 or February 25 so is unnecessary to provide context. In *Greene*, moreover, the plaintiff's convictions proved that he was in possession of drugs on the night of his arrest and therefore may have had a motivation to flee or resist arrest. In the case *sub judice*, in contrast, the fact that the Plaintiff has a criminal history does not indicate a motive to flee or resist arrest.

Rule 609 nevertheless allows the admission of prior convictions for impeachment. Under that rule, felony convictions no more than ten years old are admissible to impeach a party based on the assumption that "convicted felons are . . . less truthful than witnesses who have not been convicted of a felony in the last ten years." *Rogers*, U.S. Dist. LEXIS 49187, at *6.

The Plaintiff's 2000 receiving stolen property conviction and his 1996 possession of illegal narcotics conviction are presumptively excluded under Rule 609(b) unless "the probative value of the conviction[s] . . . substantially outweigh[] [their] prejudicial effect." The Defendant has not offered any argument that demonstrates a significant probative value from these convictions, and the Court can discern none. These convictions are therefore excluded from trial.

The Plaintiff's 2006 conviction for possession of illegal narcotics may be admitted for impeachment subject to the balancing test of Rule 403 in which relevant evidence is excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 609(a)(1); Fed. R. Evid. 403; *Rogers*, U.S. Dist. LEXIS 49187, at *6; *Earl*, 2002 U.S. Dist. LEXIS 24066, at *3. Because the conviction is unrelated to physical conflict with police officers or other issues at trial, the risk of prejudice to the Plaintiff is slight and does not warrant exclusion. *Cf. Rogers*, U.S. Dist. LEXIS 49187, at *8. The 2006 conviction for possession of illegal narcotics may therefore be admitted for impeachment purposes.

### C. Results of Search of the Plaintiff's Vehicle

The Plaintiff argues that the items found in his car and seized by the police on January 25, 2006 are not relevant to the issue of whether, before that search, the Defendant used excessive force in arresting the Plaintiff. The Defendant argues in rebuttal that evidence of the drugs found inside his vehicle is relevant because the drugs gave him a motive to assault the Defendant and to flee the scene.

Defendant again cites to *Greene*, 1997 U.S. App. LEXIS 15461, in support of her position. As noted above, *Greene* is not binding on this Court. *Sheets*, 97 F.3d at 167; *Career Agents Network, Inc.*, 722 F. Supp. 2d at 824. Nor is its reasoning persuasive in this case. In a

-8-

claim for excessive use of force, the relevant inquiry is the reasonableness of the police officer's behavior given the facts and circumstances as she knew them to be. *Graham v. Connor*, 490 U.S. 386, 396 (1989). The officer's conduct is not judged with "the 20/20 vision of hindsight" but "from the perspective of a reasonable officer on the scene." *Id.*; *see also Miller v. Sanilac County*, 606 F.3d 240, 251 (6th Cir. 2010). This rule is designed to protect police officers' ability to rely on their judgment based on the facts as they know them to be, making "allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 397.

The implication of this contemporaneous evidence rule to the case *sub judice* is twofold. First, evidence of facts not known to the Defendant at the time she used force against the Plaintiff is not directly relevant to any element of the claim. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Second, the Defendant's argument is, essentially, that she ought to be able to have this rule both ways: to foreclose the use of hindsight in judging the reasonableness of her actions but to allow it in judging the Plaintiff's behavior. As the Fourth Circuit has stated, "just as the officers' actions ought not be faulted through 'the 20/20 vision of hindsight,' so also should they not be absolved by it." *Kopf v. Skyrm*, 993 F.2d 374, 379 (4th Cir. 1993) (concluding that § 1983 plaintiff's guilt of the crime for which he was apprehended with an allegedly excessive amount of force was not relevant and should have been excluded at trial) (quoting *Graham*, 490 U.S. at 396). Allowing evidence of the illegal items seized from the Plaintiff on February 25 would undermine the protections of the Fourth Amendment by permitting the jury to infer that the Plaintiff's culpability or status as a presumed drug dealer justify the Defendant's use of force

against him. But under established Fourth Amendment jurisprudence, the only facts that the jury

may consider in weighing the reasonableness of the Defendant's actions are those known to her

at the time of the arrest. *See Graham*, 490 U.S. at 396. Evidence of the items seized on the night

of February 25, 2006 may therefore not be admitted at trial.

### D. January 19, 2006 Encounter

The Plaintiff seeks to limit the evidence of the January 19, 2006 encounter between the

Plaintiff and the Defendant by allowing only the fact of the encounter and the Plaintiff's flight to

be admitted at trial. The Plaintiff argues that a more detailed account of the January 19 encounter

would open the door to evidence of his criminal history, which he has argued is both irrelevant

and unfairly prejudicial. The Defendant argues that the entire incident – including that he fled the

scene and that drugs were found in his vehicle – is necessary to put the January 25 encounter in

context and to show the facts and circumstances on which the Defendant relied in determining

how much force to use that night.

The Court agrees, in part, with the Defendant. For the jury to determine what a

reasonable officer in the Defendant's position would have done, it must know the facts available

to that officer. In this case, those facts include the details of the prior encounter between the

Parties on January 19, 2006. Moreover, it is apparent from statements made by both Parties on

the video that the Parties recognized each other. Evidence of the January 19, 2006 encounter is

necessary to provide context for these statements.

Evidence of the items seized from the Plaintiff's car, however, creates a risk of unfair

prejudice that substantially outweighs its probative value. The facts that the Plaintiff and the

Defendant had met before and that during that encounter the Plaintiff fled the scene are essential

to providing context at trial. The fact that drugs were seized from his car, in contrast, is not necessary to provide context and serves no purpose other than impermissible character evidence. Fed. R. Evid. 404(b). This evidence is therefore inadmissible at trial.

### E. Questions of the Plaintiff Regarding Illegal Drugs Found in His Car

The Plaintiff states that, if asked on cross-examination whether he possessed illegal drugs on either January 19 or February 25, he would invoke his Fifth Amendment right to silence. Because exercising this right would lead the jurors to assume his guilt, the Plaintiff argues that such questions should be forbidden.

The Fifth Amendment does not forbid adverse inferences against a witness who invokes the privilege in a civil case. *Baxter v. Palmigiano*, 425 U.S. 308, 317 (U.S. 1976). Moreover, the Fifth Amendment cannot be used as a shield on cross-examination by a witness who elects to take the stand. *Jenkins v. Anderson*, 447 U.S. 231, 235-36 (U.S. 1980). The Plaintiff's arguments do not, therefore, have merit.

As the Court has already ruled, however, the introduction of evidence of the Plaintiff's possession of illegal substances on January 19, 2006 or February 25, 2006 are inadmissable. Questions regarding these substances will not be permitted.

### V. CONCLUSION

For the reasons set forth in this Opinion, Defendant's Motion is **DENIED** (Doc. 54), and Plaintiff's Motion is **GRANTED** in part and **DENIED** in part (Doc. 59). Evidence of the Plaintiff's prior criminal history shall be excluded except for evidence of his 2006 conviction, which may be admitted for impeachment purposes. Evidence of the results of the search of the Plaintiff's vehicle on January 19, 2006 and February 25, 2006 shall be excluded. Evidence of the

January 19, 2006 encounter between the Plaintiff and the Defendant shall not be excluded at this time, with the exception of evidence of the items seized from his vehicle that night. Questions to the Plaintiff regarding his possession of illegal drugs on January 19, 2006 or February 25, 2006 shall also be excluded.

**IT IS SO ORDERED.**

<div style="margin-left:auto;">

**s/Algenon L. Marbley**
**Algenon L. Marbley**
**United States District Court Judge**

</div>

**DATED: February 9, 2011**