IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN JACKSON, | : | |
| | : | |
| Plaintiff, | : | Case No. C2:08-cv-0068 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| SHEILA MURPHY, | : | Magistrate Judge Mark R. Abel |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the court on Plaintiff Benjamin Jackson's Renewed Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b) (Doc. 76). For the reasons stated below, Plaintiff's Renewed Motion for Judgment as a matter of Law is **DENIED**.

**II. BACKGROUND**

A. Facts

On January 19, 2006, Defendant Gahanna Police Sergeant Sheila Murphy was on patrol and came upon Jackson's maroon four-door Toyota. Murphy thought the car looked suspicious, and, upon further investigation, discovered narcotics in the car. Murphy detained Jackson for questioning, but Jackson then left the scene. A warrant was issued for Jackson's arrest, and he turned himself in several days later.

On February 25, 2006, Murphy stopped Jackson while driving his vehicle because his rear license plate was not properly illuminated. When asked for his license, Jackson provided a green ID card that stated he was not a licensed driver. Jackson was in fact licensed: a previous suspension expired prior to February 25 and he had not yet attained a new driver's license.

At this point, Jackson and Murphy offer differing versions of events. The video from Murphy's cruiser shows that Murphy told Jackson that he was under arrest, and ordered him to exit his vehicle, which she contended was precipitated by him putting his hand on his ignition key. Jackson asserted that he never touched his keys. Jackson did not get out of his car, even after Murphy told him that she would deploy her taser if he did not exit the vehicle. After several more orders failed, Murphy tasered Jackson. A scuffle ensued, and both parties were hit by the taser. Murphy claimed that Jackson assaulted her and resisted arrest. Jackson claimed that he was trying to comply with the order to get out of the car after he was tasered and that Murphy hit him in the head and threw him against the car during that process. Eventually, between the arrival of backup and the help of a bystander, Jackson was restrained and arrested.  He was charged with various narcotics possession and assault offenses but was not prosecuted.

## B. Procedural History

Jackson filed a complaint in the Franklin County Court of Common Pleas against Sergeant Murphy, Police Chief Dennis Murphy, and the City of Gahanna on December 19, 2007, alleging violations of his Fourth and Fourteenth Amendment rights (Doc. 3). Following Defendants' Removal to this Court, the Defendants moved for Summary Judgment (Doc. 36). Jackson in his response withdrew his Fourteenth Amendment claim and all claims against the police chief and the City of Gahanna (Doc. 46). This Court granted summary judgment on all remaining claims except Jackson's claim for use of excessive force by Murphy in violation of the Fourth Amendment (Doc. 51).

The matter went to trial, and at the close of his case, Jackson moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50. The Court orally denied that motion. The trial went

to the jury, which returned a verdict in favor of Murphy (Doc. 74). Jackson now renews his motion for judgment as a matter of law (Doc. 76).

## III. STANDARD OF REVIEW

A court may issue a judgment as a matter of law when a party has been fully heard on an issue and the court finds that a reasonable jury would not have legally sufficient evidence to find for the party on that issue. Fed. R. Civ. P. 50(a)(1). If the court does not grant such a motion and submits the case to the jury, it does so subject to the court later deciding the legal questions raised by the motion. The movant then has up to twenty-eight days following entry of the judgment to file a renewed motion for a judgment as a matter law. Fed. R. Civ. P. 50(b).

When addressing a motion for judgment as a matter of law pursuant to Rule 50, the inquiry is the same when resolving a motion for summary judgment pursuant to Rule 56. *White v. Burlington Northern and Santa Fe Ry.*, 364 F.3d 789, 794 (6th Cir. 2004). A district court may issue a judgment as a matter of law "when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005). When there are inferences that can be drawn from the record, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *White*, 364 F.3d at 794. A district court should grant a judgment as a matter of law "only if a complete absence of proof exists on a material issue in the action, or if no disputed issue of fact exists on which reasonable minds could differ." *Karam v. Sagemark Consulting, Inc.*, 383 F.3d 421, 427 (6th Cir. 2004)

## IV. LAW AND ANALYSIS

In order to prove that Murphy used "excessive force" in the course of his arrest, Jackson needed to prove that Murphy's actions were not objectively reasonable in light of the facts and circumstances confronting her. *Graham v. Connor*, 490 US 386, 398 (1989). To make this determination, the court looks to "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. In the case at bar, the Defendant provided ample evidence on which the jury could rely in reaching its finding that the use of force was objectively reasonable.

At trial, Murphy offered evidence that Jackson's car door was ajar as he pulled to the side of the road, that Jackson would not comply with instructions to remove his hands from the ignition and gearshift of the car, that Jackson would not directly answer Murphy's questions once pulled over, and that he would not follow instructions to step out of his vehicle. Furthermore, these events took place one month after Jackson and Murphy's first interaction, in which Jackson fled the scene of an incident while being detained by Murphy. Murphy testified that during her February 2006 arrest of Jackson, she was aware of the risk that he might attempt to escape or resist being taken into custody based on his behavior on January 19. She believed that Jackson failed to comply with her orders because he was contemplating flight.

In response, Jackson offered evidence that his failure to comply was a result of him not being given enough time to respond to the Murphy's interrogatories and fear of her general tone and demeanor. Jackson asserted that he was calm, cooperative, and unthreatening throughout the beginning of the traffic stop.

Murphy called an expert, Lt. Daniel Williams, who testified that once Murphy began to arrest Jackson and he resisted arrest, the force that she used was reasonable under the

**4**

circumstances. While Lt. Williams called Murphy's decision making into question regarding the wisdom and method of the initial stop, he said her behavior after commencing the arrest was appropriate. This testimony, if found credible by the jury, would support the verdict in favor of Murphy. This is particularly so considering that the jury was instructed to assess the reasonableness of the force used "in effecting the arrest under the circumstances shown," as opposed to considering the wisdom or prudence of the stop in the first instance.

Murphy and Jackson offered evidence supporting varied and contradictory versions of events, and the jury was free to choose between the Parties' different and disputed versions to reach their verdict. Murphy's evidence provided a rational basis on which the jury could reach the verdict that the use of force employed by Murphy was reasonable in light of all the facts with which she was presented, and the Court accordingly **DENIES** the Plaintiff's motion.

## IV. CONCLUSION

For the reasons set forth in this Opinion, Plaintiff's Renewed Motion for Judgment as a Matter of Law is **DENIED**.

**IT IS SO ORDERED.**

<u>s/ Algenon L. Marbley</u>
**Algenon L. Marbley**
**United States District Judge**

**DATE: July 7, 2011**